WIRT ADAMS, Revenue Agent, v. WADE HARVEY.

State Revenue Agent — Powers to Sue — Act of 1880, Sections 1 and 3.
> The State revenue agent is not authorized by the Act of 1880, Laws of 1880, p. 94, sections 1 and 3, to sue for debt due by a deputy sheriff for money he borrowed from the sheriff belonging to the county.[1]

Same — How Construed.
> The general words contained in section 3 of the Act of 1880, p. 94, are restricted by the specific enumeration of power of the revenue agent to sue in section 1.

J. H. Gilliland was sheriff of Attala county in 1881, and appellee, Wade Harvey, was his deputy. The sheriff collected the taxes and loaned to Harvey $1,040 of that money. This money was never accounted for by the sheriff. This suit is brought by Wirt Adams, State revenue agent, against Wade Harvey to col-

---

[1] "SEC. 1. Be it enacted by the Legislature of the State of Mississippi, that there shall be appointed by the governor, with the advice and consent of the senate, a revenue agent of the State of Mississippi, who shall continue in office for the term of four years, unless removed by the governor (who is hereby authorized to remove said revenue agent at any time, and appoint his successor, subject to the approval or rejection of the senate, at its first session thereafter); said revenue agent shall have authority to collect and receipt for all amounts due the State, county or levee boards of the State, in the following cases, viz: In all cases where any funds have been collected by any officers and retained by them, and the books of the State, county and levee boards do not show by open account or return of such officers that the same has been collected and paid over to the proper officer; in all cases where officers have collected money or other funds, and have not accounted for the same; in all cases where tax-collectors have collected taxes of any kind, and have made no report of the amount collected; in all cases where tax-collectors have collected taxes on lands, and have sold the same for the taxes due for the fiscal year for which the taxes were paid; in all cases where tax-collectors have collected taxes upon lands held by the State for non-payment of taxes, and have not paid the same over to the State, county or levee officers entitled to

lect this money. The trial resulted in a verdict and judgment for the defendant. Plaintiff appeals.

The view of the case taken by the court renders it unnecessary to set out the facts in detail.

APPEALED from Circuit Court, Attala county, C. H. CAMP-BELL, Judge.

Affirmed, April 23, 1883.

*Attorneys for appellant, John T. Butt and C. L. Anderson.*

*Attorneys for appellee, W. P. & J. B. Harris.*

Brief of Butt & Anderson:

The act creating the office of revenue agent gives him authority to sue for all amounts due the State or any county. Acts of 1880, § 3, p. 95.

---

receive the same; in all cases where officers have collected taxes illegally, and have not reported and paid the same over to the proper officers; in all cases where tax-collectors or their agents or deputies have collected personal tax and reported the tax-payer on the delinquent list; in all cases where delinquent taxes have been collected and have not been reported or paid over to the proper officers; in all cases where tax-collectors have collected and have not reported and paid over to the proper officers; in all cases where tax-collectors and other officers have collected taxes from persons who were not assessed, and have not made the proper additional assessments, and reported and paid the same over to the proper officers; in all cases where tax-collectors and other officers have claimed and received proper credits; in all cases where fines and forfeitures, licenses and privilege taxes have been collected, and have not been reported and paid over to the proper officers.

"SEC. 3. Be it further enacted, That said revenue agent is hereby authorized to sue, or cause suit to be brought, in the name of the State of Mississippi, or of any county or board of levee commissioners, for all amounts due the State, such county or levee boards, and receive and receipt for the same; and all actions brought under this act shall have precedence over all other pending suits, and shall be tried at the return term of the writ, unless good cause be shown to the contrary, or the parties otherwise agree, and no security for costs shall be exacted or required in any such suit, nor shall the State, in any event, be chargeable therewith; *Provided,* That the said revenue agent shall not be entitled to receive any compensation in cases where the State, county or levee boards have already instituted legal proceedings to recover any moneys due from any of the officers of such county or levee board, nor in any county where the governor has employed some other person to perform the duties herein required of said revenue agent." Laws of 1880, p. 94, §§ 1 and 3.

The rulings of the court below on the evidence were all based on the erroneous view that there was and could be no liability from the defendant to the county of Attala for money which he had received from the tax-collector and appropriated to his own use, although he may have received it by collusion with the tax-collector to defraud the county. In short, that there was no privity between the defendant and the plaintiff, unless it could be shown that the defendant received the money direct from the plaintiff or direct from the county treasury. While it is true the county has its remedy against the tax-collector and his bondsman for his failure to pay to the county treasurer moneys collected for taxes, it is also true that the county has the right to pursue the money into the hands of any one who has wrongfully received it from the tax-collector, knowing it to be the money of the county, and to receive it from such person. And in such a case an action for money had and received is an appropriate remedy. Legard *v.* Gholson, 24 Miss. 692; Isom *v.* Bank, 52 Miss. 915.

That the defendant is mentioned in the declaration as being the deputy of the tax-collector is an immaterial allegation.

It was not necessary to pursue the tax-collector and his bondsmen to insolvency in order to establish a remedy against the defendant, nor was it necessary to join the tax-collector in the suit against the defendant. The county may elect to sue either or both. The evidence proposed to be introduced by plaintiff establishes direct liability from the defendant to the county. Hoskins *v.* Brantley, 57 Miss. 814.

Brief of W. P. & J. B. Harris:

The demurrer to the declaration should have been sustained. The declaration fails to show a case in which the revenue agent is authorized to sue. The judgment on the merits was proper and should be affirmed.

The question is not whether this is a case in which the county could sue, but is it a case in which the State revenue agent can sue? We think most certainly it is not.

The Act of 1880, p. 94, defines the duties and powers of the revenue agent: In the first section it sets forth specifically the cases in which said revenue agent can collect and receipt for money due the State, county, or levee boards. *Of course, the sec-*

*tion authorizing him to sue only applies to those cases where he
is authorized to collect and receipt for money.*

The case at bar is not one of the enumerated cases. The act
does not authorize the agent to sue in all cases where the county
could sue. For instance, a private individual receives money
from a tax-collector. The county could sue the individual for
money had and received; clearly the revenue agent could not.
The case, as shown by the declaration, is not essentially different
from the hypothetical case above. The deputy sheriff borrows
$1,000 from the tax-collector. The mere fact that he is a deputy
sheriff does not give the revenue agent the right to sue. The
money is not collected by him within the meaning of the act. He
does not come by it officially or by reason of his office, but simply
borrows it, as any other party might do.

The act creating the office of revenue agent gives him an ex-
traordinary compensation—25 per cent of all amounts collected—
and intended to confine him to the cases enumerated, and does
not mean that he can sue any party who has come into posses-
sion of public funds simply to get this extraordinary compensa-
tion. The county can sue and recover this money without ex-
pense through its proper officer, the district attorney. The sheriff
is the party at fault and the one to be sued. The court was right
in excluding testimony offered by the plaintiff. It did not show,
or tend to show, any liability in defendant to Wirt Adams, reve-
nue agent.

OPINION.—CAMPBELL, C. J.:

The appellant was not authorized to sue for the subject matter
of this suit. The first section of the act approved March 6, 1880,
Acts of 1880, p. 94, defining the duties of the revenue agent,
enumerates the cases in which he may "collect and receipt," and
the third section confers on him the right to sue in these cases
only. Although the language of this section is broad enough to
embrace all amounts due the State, county, or levee board, its
generality is restricted by the enumeration of cases in the first
section, and all others are excluded.

A proper result was reached, and the judgment is

*Affirmed.*